# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:25-CV-00471-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| RUTLEDGE FINANCIAL PARTNERS, LLC; AND JOHNNY KENARD RUTLEDGE, | |
| Defendants. | |

**THIS THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (the "Motion"). Doc. No. 7. The Court has carefully considered this motion and Plaintiff's supporting memorandum and exhibits. For the reasons discussed below, the Court will **GRANT** the motion in part.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes the entry of a default judgment when a Defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). When a defendant defaults, he admits the complaint's well-pleaded allegations of facts. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). That said, "[t]he defendant is not held ... to admit conclusions of law," as "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). To determine whether to enter judgment on a defendant's default, the court examines whether the well-pleaded allegations in the complaint support the relief sought in

1

the case. *Id.* "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

If the court determines that liability has been established, the court must then determine damages. *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012). Unlike allegations involving liability, allegations about damages are not treated as admitted by a defendant's default. "The court must make an independent determination regarding damages." *Id.* at 706. In determining damages, the court may conduct an evidentiary hearing or rely on affidavits or documentary evidence in the record. *Id.*

## II.     FACTS AND PROCEDURAL HISTORY

Plaintiff is acting at the request of the United States Department of the Treasury ("Treasury Department") and on behalf of the Small Business Administration ("SBA"). Doc. No. 1. The SBA Section 7(a) Loan Guarantee Program authorizes the SBA to lend money to eligible businesses. Doc. No. 1-1 at 5. On July 7, 2022, Defendant Rutledge Financial Partners, LLC executed a promissory note to secure an SBA Section 7(a) loan (which Defendant Johnny Kenard Rutledge signed as a Rutledge Financial Partners, LLC member, and personally guaranteed), and on February 5, 2023, defaulted on their obligation to repay the debt. Doc. Nos. 1 at 2, 14; 1-1 at 14.

Due to the delinquency, the SBA "had to pay the guaranteed interest and became holder of the [p]romissory [n]ote." Doc. No. 1 at 2. On October 31, 2023, the SBA referred the debt to the Treasury Department. *Id.* at 3. Then, on September 19, 2024, the Treasury Department referred the debt to the U.S. Department of Justice "for litigation and collection in the amount of $95,949.88 with a daily interest of $26.94." *Id.* Finally, on January 27, 2025, Defendants became "indebted to the United States" in the amounts of:

2

| | |
|---|---|
| Current Principal | $95,949.88 |
| Current Interest (10.25%) | $14,065.20 |
| Administrative Fees | $37,427.81 |
| Total Due (as of 1/27/2025) | $147,442.89 |

*Id.*

On September 3, 2025, Plaintiff moved for Entry of Default, which was granted, *see* Doc. No. 8, and simultaneously moved for Default Judgment, seeking "$147,442.89, plus interest on the principal after January 27, 2025, to date of judgment, at the rate of 10.25% per annum, [post judgment interest pursuant to 28 U.S.C. § 1961], plus costs of filing in the amount of $400.00 as permitted by 28 U.S.C. § 2412(a)(2)." Doc. Nos. 1 at 4; 7 at 1. Defendants have not responded, and the matter is ripe for this Court's review.

### III.   DISCUSSION

Plaintiff's claims are straightforward. By its default, Defendants have admitted the material allegations of the Complaint; that is, that they contracted for, received, and then failed to fully repay the SBA loan. Therefore, Plaintiff is entitled to judgment in its favor in the proven amount of $147,442.89, plus prejudgment interest at 10.25% per annum[1] and post judgment interest at the

---

[1] Plaintiff requests prejudgment interest of 10.25% per annum between January 28, 2025, and the date of entry of default judgment. Doc. No. 1 at 2. "The determination of prejudgment interest rates is generally a matter of discretion for district courts." *United States v. Hao Indus., Inc.*, No. 1:24-CV-01195 (AJT/WBP), 2024 WL 4563899, at *5 (E.D. Va. Oct. 18, 2024), *report and recommendation adopted,* No. 1:24-CV-1195-AJT-WBP, 2024 WL 5411354 (E.D. Va. Nov. 6, 2024) (citing *EEOC v. Liggett & Myers, Inc.*, 690 F.2d 1072 (4th Cir. 1982)). While state law applies to questions involving prejudgment interest in diversity cases, a district court is not bound by state law in determining a prejudgment interest rate in cases arising from federal law. *See id.* (citing *United States v. Dollar Rent a Car Sys., Inc.*, 712 F.2d 938, 940 (4th Cir. 1983)). Instead, the court should exercise its sound "discretion in setting the proper rate." *Id.* Therefore, in

legal rate pursuant to 28 U.S.C. § 1961. Plaintiff also seeks $400 in "filing costs" which the Court, in its discretion, will deny.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Default Judgment (Doc. No. 7) is **GRANTED**;
2. Judgment is entered in favor of Plaintiff in the amount of $147,442.89, plus prejudgment interest at 10.25% per annum and post judgment interest at the legal rate; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 17, 2025

Kenneth D. Bell
United States District Judge

---

exercising its discretion, the Court finds that a 10.25% interest rate is appropriate for this matter because it equals the interest rate for the unpaid principal balance set before Plaintiff filed the Complaint and before Defendants defaulted on the loan. *See* Doc. No. 1-1 at 13.